**STATE of Missouri, Respondent,**

v.

**Michael SWAIN, Appellant.**

**No. 72702.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 15, 1998.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals after conviction and sentencing on charge that he did, acting alone or in concert with others, possess methamphetamine, a class C felony in violation of section 195.202 RSMo 1994. The court granted a mistrial when the jury was unable to reach a verdict on the second charge, trafficking first degree, a class A felony, in violation of section 195.222 RSMo 1994 in that defendant, acting alone or in concert with others attempted to manufacture methamphetamine by obtaining and combining the chemical precursors with sufficient quantity to produce more than 150 grams of methamphetamine. The sole issue on appeal is whether defendant is entitled to a new trial on the possession charge where the court may have erred in allowing evidence to prove an element of the trafficking charge.

Defendant does not and cannot challenge the sufficiency of the state's evidence to prove the possession charge. Police officers became eyewitnesses to an attempt by defendant to dispose of packages of methamphetamine where he was only partially successful. The police were executing a search warrant. They found defendant's wallet and instructions in the nature of a recipe to produce

methamphetamine at the house where he was seen throwing packages out a window.

Defense counsel told the jury in opening statement and again in closing argument that defendant was guilty of the charge of possession. Defendant only offered witnesses whose testimony would have supported a finding that he was not guilty of trafficking, as charged.

Defendant filed a pretrial motion to exclude the testimony of a proposed state's witness, an employee of a regional crime laboratory, a chemist. The court announced at a hearing on the motion:

I am going to conduct this hearing on the Dalbert [sic] stance set down in Dalbert [sic] vs. Myra Dow [sic] Pharmaceutical [sic] Inc. and apply that standard initially. I am aware that Frye adopts the general exceptions test and Missouri does not have—— has not adopted the federal rules of evidence or those statute ... this statute 490.065 subparagraph 3 seems to be the closest applicable and I am going to go ahead and hear the evidence and make a determination then whether or not it will be admissible under Dalbert [sic] rather than under the Frye test....

Just before the trial began, defendant renewed the motion to exclude, as unreliable, drug weight estimates, not admissible under *Frye v. United States*, 293 F. 1013 (D.C.Cir. 1923). In support of the renewed motion counsel cited this court's opinion in *State v. Foote*, 791 S.W.2d 879, 882–883 (Mo.App. 1990). The court continued to determine the issue based upon *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469(1993), not on the basis of *Frye*. In so deciding, the trial court ignored the Missouri Supreme Court decision in *State v. Kinder*, 942 S.W.2d 313, 326 (Mo. banc 1996) *cert. denied*, —— U.S. ——, 118 S.Ct. 149, 139 L.Ed.2d 95 (1997) and our decision in *Foote*. The court therefore ignored the mandate of Article V, Section 2 of the Missouri Constitution. The Missouri Supreme Court has consistently applied only the *Frye* test to the issue of admission of expert testimony since *State v. Stout*, 478 S.W.2d 368 (Mo.1972). The prosecuting attorney resisted defendant's motion by re-questing the court to apply *Daubert* and criticized defendant for relying on authority that was pre-*Daubert*. On appeal, the state argues the testimony at the hearing on the motion would have supported a finding that the evidence was admissible under the *Frye* test. This is an issue the trial court refused to decide and did not decide. It is a decision that it must decide before the trafficking charge can be retried.

■ We assume, without deciding, the court erred in allowing the witness to testify as an expert regarding an available estimated yield of methamphetamine by combining precursors found by the police in the house where defendant was found in possession of methamphetamine. The evidence was offered and received to support a finding there was a sufficient quantity of precursor materials to manufacture at least 150 grams of the drug. *See*, section 195.222 RSMo 1994. We reject defendant's argument that the ruling "forced" appellant's counsel to change his strategy and admit in opening statement and closing argument that defendant was guilty of the charge of possession of methamphetamine as a means of defending the trafficking charge. We also find that the statements of counsel were not prejudicial in a case where the state's unopposed eyewitness testimony of witnesses whose credibility was not contested supported every element of the charged crime of possession.

■ A trial court has no discretion in applying the appropriate legal standard to decide a question of admissibility. The basis for trial court decision is a question of law. If it applies the correct standard, a trial court has broad discretion to admit or exclude evidence and we review only for a clear abuse of discretion. *State v. Simmons*, 944 S.W.2d 165, 178 (Mo. banc 1997). If the court abused its discretion in the ruling, it allowed evidence which was relevant and material only on the charge of trafficking. The evidence had no direct relevance to the charge of possession, either to contest the sufficiency of the evidence or to offer a defense on the charge. If defense counsel perceived and implemented a strategic advantage in defending the trafficking charge, then

the defendant has not lost the benefit of that strategy because the jury did not reach a verdict on that charge. All that remains is an acknowledgement in opening statement and closing argument that defendant was guilty of possession of methamphetamine. These statements to the jury consisted of no more than acknowledging the obvious, based on uncontested facts. The ruling which is argued to be erroneous may explain, but did not require, force, or compel defense counsel to adopt the trial strategy which is the subject of the point on appeal. It is unlikely and wholly speculative that the strategy was the basis for the guilty verdict.

We affirm.

ROBERT G. DOWD, Jr., C.J., and ROBERT E. CRIST, Senior Judge, concur.